# Richmond

## WILLIE JONES v. COMMONWEALTH.

January 15, 1931.

Present, All members of the Court.

*W. H. Starkey,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

PRENTIS, C. J., delivered the opinion of the court.

This case, in which the petitioner claims to be John Jones, has been prosecuted against him in the name of Willie Jones. He has been convicted of transporting more than one gallon of ardent spirits, and his punishment fixed at three months in jail and a fine of $50.

The only question involved is as to the identity of the accused. The court set aside the first verdict, as based upon insufficient testimony, but refused to set aside the second verdict.

The indictment was found against Willie Jones, in 1925. He was at that time arrested by Officers Rountree and Powell. They testified that they could not identify the defendant, John Jones, as the same man arrested by them in 1925, but that he looked like him. One of the sheriff's deputies, Officer Meiggs, connected with the Norfolk county jail, testified that he knew the defendant well, and identified him, when he was brought to the jail in 1929 under another charge, as being the same negro who was indicted in 1925 under the name of Willie Jones, but he based his identification on his recollection that he (the witness) was present when the accused, Willie Jones, was bailed before Justice of the Peace Joseph T. Duke; and that John Jones had come over to the jail a number of times in 1924 to bring meals to a man named Harry Short, who was then in jail. He (the witness), however, admitted on cross-examination that he was not present when this man (meaning John or Willie Jones) was brought to jail in 1925 when arrested, and that the only time he ever saw the accused thereafter until 1929 was when he was requested by Deputy Sheriff Smith to bring him before Justice of the Peace Joseph T. Duke, in 1925, to be bailed. It was shown that there was no record in the sheriffs office or at the Norfolk county jail showing that the accused, John or Willie Jones, had ever been bailed by anyone, and there is no record in the Circuit Court of Norfolk county that the defendant, under either name, had ever been bailed.

The justice of the peace, Joseph T. Duke, testified that neither John Jones nor Willie Jones had ever been bailed by him and that Officer Meiggs was mistaken if he said that he was present when Willie Jones or John Jones was bailed by him, for this was not true.

The accused testified that his true name is John Jones; that he lived on Chapel street, in the city of Norfolk; had been living there for the past six years; that he worked for a Mr. Harrell who operated a storage battery automobile establishment on Granby street between Eleventh and Twelfth streets; that he had never been in Norfolk county jail to carry meals to a man named Short, or anyone else; that he did not know such a man; and that the first intimation he had of this accusation was when he was placed in Norfolk county jail in March, 1929, and at the expiration of his thirty days confinement he was arrested and charged with being the Willie Jones who was named in the indictment of November, 1925.

No reasons are shown as to why the Willie Jones arrested in 1925 was never tried, nor is there any explanation as to the circumstances under which, after his arrest, he ceased to be in custody. Among the circumstances to be considered is the fact that all of the witnesses were testifying in 1929 as to occurrences, not unusual in any respect, four years prior thereto—that is, in 1925. It must, of course, be conceded that the burden is upon the Commonwealth to establish the identity of the accused, John Jones, with Willie Jones who was indicted. That it has failed to do so to the exclusion of every reasonable doubt seems to us perfectly apparent.

We are of opinion that the court erred in not setting aside the verdict of the jury, and the case is remanded with directions to the trial court to discharge this Jones from further prosecution under this indictment.

*Reversed.*